CRANE ENAMELWARE CO. *v.* D. W. DOTSON.

(*Knoxville*, September Term, 1925.)

1. **MASTER AND SERVANT.** Written notice of injury held waived.

   Where employee reported injury verbally to his foreman and was sent to company physician for treatment, who treated him and gave him a truss to wear, after which employee was given light work, thus leading employee to believe that company was recognizing its liability, *held*, that employer waived written notice of injury required by Workmen's Compensation Act. (*Post, pp.* 403-405.)

   Acts cited and construed: Pub. Acts 1919, ch. 123.

   Case cited and approved: Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 665.

2. **MASTER AND SERVANT.** Injured employee required to submit to operation.

   Where an operation which injured employee is in condition to undergo and would in all probability be successful is necessary, and company tenders it to him and offers to bear all expenses, employee is required to submit, but employee is under no obligation to undergo operation at his own expense. (*Post, p.* 405.)

   Case cited and approved: Sun Coal Co. v. Wilson, 147 Tenn., 118.

3. **MASTER AND SERVANT.** Finding accident occurred on certain day supported by evidence.

   Testimony of injured employee and his wife that he wrenched his side on a certain day, and that on arriving home his wife rubbed his side with liniment, was sufficient evidence to support finding that accident occurred on such day. (*Post, p.* 406.)

4. **MASTER AND SERVANT.** Compensation decree will not be disturbed for want of proof as to period of disability.

   Decree awarding compensation to injured employee for three hundred weeks will not be disturbed because there is no proof that dis-

   152 Tenn.—26.

ability will continue for that length of time, as Workmen's Compensation Act, section 38, provides for modification and is impliedly read into decree. (*Post, pp.* 406-411.)

Cases cited and approved: Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 665; Smith v. Van Noy Interstate Co., 150 Tenn., 25; Graham v. J. W. Wells Brick Co., 150 Tenn., 660.

Cases cited and distinguished: Ezell v. Tipton, 150 Tenn., 309; Ligon's Administrator v. Insurance Co., 87 Tenn., 344; Insurance Co. v. Norment, 91 Tenn., 1.

---

*Headnotes 1. Workmen's Compensation Act, C. J., Section 102; 2. Workmen's Compensation Act, C. J., Section 62; 3. Workmen's Compensation Act, C. J., Section 114; 4. Workmen's Compensation Act, C. J., Section 127.

## FROM HAMILTON.

Error to the Circuit Court of Hamilton County.—Hon. Oscar Yarnell, Judge.

C. A. Moore, for Crane Enamelware Co.

Miller & Ballard, for Dotson.

Mr. Justice McKinney delivered the opinion of the Court.

This is a compensation suit in which the trial court awarded Dotson $6 per week for three hundred weeks. The company has appealed and assigned numerous errors.

By the second assignment of error it is insisted that the trial court was in error in awarding petitioner a recovery because he did not give the company thirty days' written notice of the injury, as provided in section 22 of the Workmen's Compensation Act (Pub. Acts 1919, chapter 123).

Dotson testified that on August 6, 1924, while lifting some heavy crates, he strained or wrenched his side receiving a sharp pain. It was near the close of the day. When he arrived at his home, he had his wife to rub his side with turpentine liniment, and he was greatly relieved. He continued at his work without making any complaint or giving the company any notice. The pain increased until he concluded there was something serious the matter with him, and on September the 4th, or twenty-nine days after the accident, he reported his trouble to his foreman, and the foreman sent him to the superintendent. The superintendent made a written report of the accident, and gave Dotson a written order to the company's physician, Dr. Williams, for treatment. Dr. Williams called in Dr. Jacobs, medical examiner for the company who was carrying insurance for the plaintiff in error. They examined Dotson, and Dr. Williams gave him a truss to wear. He returned several times, at their request, for further medical attention, and was told that he had hernia and would have to undergo an operation, or that he needed an operation. On one of these visits he was told that the truss did not fit and was promised another, which was never furnished him. On the same day that Dotson reported his injury, the superintendent made a personal investigation of the accident.

The petitioner was retained in the employ of the company for more than a month after the injury was reported to it, and for more than a month after the thirty days' period had expired, the work given him being light, however, and he quit of his own volition, being unable to work longer because of pain resulting from the injury.

At the time the company was given actual notice of the injury it was under no obligation to furnish petitioner medical treatment and a truss; to furnish him light work, or to retain him in its employ. It obtained all of the information from the petitioner as to the injury, made an independent investigation, and turned him over to its doctor for treatment. Thus the petitioner was led to believe that the company was recognizing its liability.

In these circumstances, we are of the opinion that the petitioner was excused from giving the thirty days' written notice, and that the company, by its conduct, waived same.

From the testimony of the physicians examined it is most likely that petitioner's injury, to begin with, was slight, a very small tear that grew larger, or progressed, due to exercise, strain, etc.

Dotson was a young man, thirty-five years of age, strong, vigorous, and a good worker until he received this injury. He evidently considered that he had only received a sprain or wrench that would soon pass away. He had never had anything of this kind before. From his testimony we judge that he is ignorant and illiterate.

What we have said above shows the good faith of the man; there is no doubt but that he is in a serious condition, and there is no suggestion that this hernia was

produced in any other manner than that testified to by him. We are unable to find any evidence of fraud.

It is true that Dotson did not give this notice, but he gave verbal notice to the foreman of the company, as required by its rules, except that, for the reason stated above, he did not give same immediately.

Under somewhat similar circumstances this court, in *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn., 665, 257 S. W., 395, held that the company, by its conduct, waived notice. The fact that in that case the verbal notice was given in ten days instead of twenty-nine days could not affect the principle of law involved.

For the foregoing reasons the second assignment of error will be overruled.

By the first assignment of error it is said that defendant in error should be precluded because he refused to undergo an operation.

This assignment of error is not supported by the evidence.

When the conditions are such as those appearing in *Sun Coal Co.* v. *Wilson,* 147 Tenn., 118, 245 S. W., 547, the employee would have to submit to an operation. That is to say, where it appears that an operation is necessary, that he is in condition to undergo same, that it would in all probability be successful, and the company tenders it to him, and offers to defray all expenses, he would have to submit. The court would be very loath to further extend the rule announced in that case.

There is no provision in the act requiring an injured employee to have an operation at his own expense. Dotson testified that he was not able financially to have the operation performed.

In the third place, error is assigned on the finding of the trial court that the accident occurred on August the 6th.

Dotson and his wife both so testified, hence there is some evidence to support the finding on this question.

In view of what we have already said, the fourth assignment of error becomes immaterial.

The fifth assignment of error is without merit for the reasons stated in reply to the first assignment of error.

Replying to the sixth assignment of error, it is sufficient to say that Dotson testified that he was unable to work.

The seventh assignment of error relates to the question of notice, which has been previously disposed of.

Replying to the eighth assignment of error, which complains of the decree in awarding $6 per week for three hundred weeks when there is no proof that disability would continue for that length of time, section 38 of the act provides a method for future modification of the decree in case of increase of capacity, and this provision of the act is impliedly read into the decree.

We fully appreciate the fact that the provision of the act as to notice should not be treated lightly, and failure to give such notice promptly will, in many cases, work prejudicially to the employer. But in the instant case the employer was not prejudiced because the physicians testified that had they been apprised of the injury at the time the only cure would have been an operation.

We feel that the merits of this case have been reached. All of the assignments of error will be overruled, and the judgment of the trial court affirmed.

## On Petition to Rehear.

We have been presented with a very earnest petition to rehear, and while it raises no question that was not dealt with in the original opinion, we will respond briefly to the complaint with respect to the failure of the employee to give the thirty days' written notice.

Counsel undertake to differentiate this case from the case of *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn., 665, 257 S. W., 395, because in that case the insurance company paid the claimant $97.50. When that sum was paid the claimant, however, the thirty days' period had expired, and it was not paid in recognition of any liability, which it expressly denied at the time, but most likely, realizing that its conduct constituted a waiver, it paid same, as stated in the written settlement, by way of compromise, and for the purpose of preventing petitioner from further prosecuting his claim.

In *Ezell* v. *Tipton,* 150 Tenn., 309, 264 S. W., 357, it was said: ''There was evidence offered by petitioner which tended to show that defendant learned of the accident within a few minutes after it occurred and employed physicians to give petitioner treatment and was present when they dressed his hand and arm, and prepared him for removal to a hospital in the city of Memphis where he could secure proper and adequate surgical treatment. Defendant accompanied petitioner to Memphis, employed a surgeon to treat his injury, engaged a room at a hospital for him, and remained at the hospital while petitioner's hand was being amputated. He paid his hospital and surgical bills. There is also evidence tending to show that defendant agreed to continue petitioner in

his employ indefinitely at his regular weekly wage of $24 per week after his recovery from the injury sustained.''

The court announced its conclusion in the following language: ''We think the evidence tends to show that petitioner was misled by the promise of defendant to continue him in his employ, made immediately subsequent to the injury, and that petitioner's failure to give the statutory notice cannot be relied on by defendant. We think the promise and subsequent conduct of the defendant afforded a reasonable excuse for failure to give defendant written notice of the accident, and that the trial court was correct in so holding.''

In Corpus Juris, Treatise on Workmen's Compensation Acts, p. 6, it is said: ''The compensation acts are based on a new theory of compensation distinct from the existing theories of damages, the underlying conception being one of insurance. The liability created has no reference to negligence or tort, and the compensation awarded is intended neither as a charity nor as a penalty. The trend of authority is toward regarding the obligation as contractual or *quasi*-contractual, although it has been said that critically considered it is more properly placed in a class by itself.''

In *Smith* v. *Van Noy Interstate Co.*, 150 Tenn., 25, 262 S. W., 1048, 35 A. L. R., 1409, it was held that the obligation was contractual in its nature.

Treating the present case from that standpoint, the decisions of this court in other insurance cases support the conclusions arrived at.

In *Ligon's Administration* v. *Insurance Co.*, 87 Tenn., 344, 10 S. W., 769, in considering the usual provision

in fire policies requiring written proof of loss within a stated period, as a condition precedent to the bringing of suit, this court said:

"Such stipulations are eminently proper, and should be sustained, and are by the courts upheld; but, being a provision for the benefit of the insurance company, can be waived by the latter, and will be held by the courts as waived where the conduct of the company has misled, and was such as might well have misled a reasonable prudent man, or where it is manifest that the company had already been put in possession of all the information that said clause was intended to furnish, and made no request for more specific details until after the lapse of an unreasonable time, leaving the insured to suppose that no further demands would be made."

The second syllabus to *Insurance Co. v. Norment,* 91 Tenn., 1, 18 S. W., 395, is as follows: "The condition in a life and accident policy requiring that 'immediate written notice of an accidental injury or death' shall be given to the insurer at his home office is treated as either waived or sufficiently complied with in a suit upon the policy for assured's death, where the assured, having sustained his injury about the first of April, gave verbal notice thereof to the local agent some time in May following which was promptly communicated to the home office by the agent through a letter, and thereafter the insurer, through his agents and physicians, made thorough examination of the case both before and after assured's death."

The court, in its opinion, said: "The purpose of such notice is to give the insurer opportunity to investigate for itself the cause and extent of the injury. This actual

notice was received by the company, and the case in fact investigated. The jury might well, on the facts shown as to this investigation, both before and after death of assured, find that written notice had been waived and that actual notice had been given within a reasonable time.''

After a review of the many decisions upon this question, we find that in most jurisdictions it is held that where the employer had actual knowledge of the injury, and suffered no prejudice by the failure of the employee to give written notice, the giving of such notice is excused. The decisions of this court have not gone that far, nor is it necessary in the instant case. When, in addition to knowledge and lack of prejudice, the employer makes an investigation, files a written report, has the employee treated by its physician, and retains him in its employ, we hold that this constitutes a waiver of notice, or affords a sufficient excuse for not giving written notice.

The construction by the courts of the various compensation acts, with respect to notice of the injury, have been summed up by Mr. Bradbury in his book on Workmen's Compensation (3d Ed.), p. 928, as follows:

''Nearly all the compensation acts provide two distinct steps as a basis for a claim, as to which different limitations apply. They all require that notice of the injury must be given by the employee to the employer, but the penalties for failure to give notice are varied. The requirements in this particular are not technical. In most cases knowledge on the part of the employer of the injury makes it unnecessary for the employee to give notice. Even though notice is not given and the employer

is without knowledge this will not bar a claim, as a rule, unless the employer has been prejudiced by lack of notice. In many instances also the failure to give notice will not bar a claim if the failure was due to excusable neglect. If, however, there are no extenuating circumstances for failure to comply with the statute as to giving notice of an injury and the employer has been prejudiced then such failure may be sufficient to entirely bar a claim.

"The provision as to making a claim for compensation, however, is usually a statute of limitations. That is if an affirmative claim is not made within a specific period after the injury or after the last payment of compensation then the claim is forever barred. The same liberal rules are not applied upon failure to make a claim that are usually applied upon failure to give notice of an accident. Usually there is discretion to relieve a workman from his default for failure to give notice of any injury while failure to make a claim brings into effect an absolute statute of limitations from the operation of which relief cannot be granted."

Counsel for the company, in effect, seeks to induce this court to treat the provision of the act, as to the thirty days' written notice, just as we have construed the one year provision in *Graham* v. *J. W. Wells Brick Co.,* 150 Tenn., 660, 266 S. W., 770.

This we are unable to do because such, in our judgment, was not the legislative intent, and is in conflict with the weight of authority.

As stated in the original opinion, we are of the opinion that the company has suffered no imposition in this case, and that the merits have been reached.

The petition to rehear will be denied.