FRANCES HUGHES *et al. v.* ROBERT ELLIOTT *et al.*

(*Nashville,* December Term, 1930.)

Opinion filed February 21, 1931.

ATKINSON & ATKINSON and M. H. GOLDSCHEIN, for plaintiff in error.

MANIER & CROUCH, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This proceeding, under the Workmen's Compensation Act, is before us solely upon the technical record. The petition was filed by Frances Hughes as the widow of Archie Hughes, and as next friend of three named minor grandchildren of Archie Hughes, who were wholly dependent upon him for support. Archie Hughes, while in the employ of defendant, Robert Elliott, stuck a nail in his foot on October 13, 1927. On the 20th of that month he developed tetanus, from which he died three days later. The trial court found that within five minutes after the accident defendant directed deceased to go across the street to its physician and surgeon for examination and treatment; that this instruction was repeated from time to time; that defendant made arrangements to have deceased taken to the hospital for treatment; that deceased refused to accede to these demands; and that his death was due to his persistent refusal to accept the medical and hospital treatment offered to him by his employer. The court further found that the wife of deceased refused

to permit him to be carried to the hospital and treated by defendant's physician.

It seems to be practically conceded that had the employe lived he could not have recovered for this injury, and that his widow cannot recover; but it is insisted that the refusal of the employe, acquiesced in by his wife, to accept the proffered medical services does not bar his minor dependents from recovering compensation. The trial court held that it did, and dismissed the petition.

Section 25 of the act requires the employe to submit to an examination by the physician of the employer, and to accept medical treatment from him, and then provides: "If the injured employe refuses to comply with any reasonable request for examination, or refuses to accept the medical service which the employer is required to furnish under the provisions of this Act, his right to compensation shall be suspended and no compensation shall be due and payable while he continues such refusal."

In our opinion, these minor dependents stand on no higher ground than their grandfather did. The underlying purpose of the act is to compensate an employe for an injury received, and where death results to pay to his dependents the compensation to which he would have been entitled had he survived.

The agreement between the employer and employe is in the nature of an insurance contract. *Smith* v. *Van Noy Interstate Co.,* 150 Tenn., 25; *Crane Enamelware Co.* v. *Dotson,* 152 Tenn., 408; *Hartwell Motor Co., Inc.,* v. *Hickerson,* 160 Tenn., 528.

There is an express agreement that in the circumstances of this case the employe shall not recover if he survives the accident; and, in the absence of a declaration to the contrary, we think there is an implied agreement

that where death results from a breach by the employe his dependents cannot recover.

Section 10 of the Compensation Act provides:

"That no compensation shall be allowed for an injury or death due to the employe's wilful misconduct or intentional self-inflicted injury, or due to intoxication, or wilful failure or refusal to use a safety appliance or perform a duty required by law."

The language of this section is broad, and inhibits a recovery where death is due to the wilful misconduct of the employe, or where he refuses to perform a duty required by law; that is, the compensation law. The act requires the employe to accept medical treatment; he is presumed to know the law; the trial court found that death was due to his "continuously and steadfastly refusing at all times to accept any of the medical services and treatment offered by the defendants or to permit him to be removed to the hospital or examined or treated by the physicians of the defendants."

Under the finding of the trial court if deceased had complied with his agreement and had done those things which the statute made mandatory upon him, he would not have died as a result of this injury. To require the defendant to pay compensation in such circumstances would violate the spirit of the act and prostitute justice.

Affirmed.