## TEXAS EMPLOYERS' INS. ASS'N v. NEATHERLIN.

No. 1330—5841.

Commission of Appeals of Texas, Section B.

April 28, 1932.

Harry P. Lawther, James P. Swift, Frank F. Taylor, and Shelby S. Cox, all of Dallas, for plaintiff in error.

Smith & Smith, of Anson, for defendant in error.

RYAN, J.

This is a compensation case; the defendant in error claims to have suffered an injury resulting in hernia, received in the course of his employment by the Texas Cement Plaster Company.

The Industrial Accident Board refused to award compensation on the ground that the condition of which he complains was one of long standing.

The defendant in error, in due time, filed

suit in the district court of Fisher county to set aside the award and recover compensation in a lump sum.

In addition to the hernia, he alleged that he sustained an injury to his colon which has developed into a severe colitis, and he is now suffering, and has continued to suffer from the date of said injury, with said hernia and colitis, and as a result he has become totally and permanently disabled. He further alleged that he has insisted constantly since the date of the injury upon the defendant having him operated on, but defendant has continued to refuse to do so; that on account of his continued suffering with said colitis, together with the extent that the hernia has developed, it would now render an operation unsafe and speculative.

The defendant answered by general demurrer and general denial.

The cause was submitted to a jury on special issues, which, with the answers thereto, were as follows, viz.:

"No. 1.—Was the plaintiff J. A. Neatherlin injured on the 30th day of April, A. D. 1929, while working in the mill of the Texas Cement Plaster Company, as alleged in his Second Amended Original Petition? Answer: Yes.

"If you have answered Special Issue No. 1 'Yes,' then answer Special Issue No. 2, but if you have answered Special Issue No. 1 'No,' then you need not answer Special Issue No. 2.

"No. 2.—Did such injury, if any result in hernia upon the plaintiff? Answer: Yes.

"If you have answered Special Issue No. 2 'Yes,' then answer Special Issue No. 3, but if you have answered Special Issue No. 2, 'No,' you need not answer Special Issue No. 3.

"No. 3.—Did such hernia, if any, appear suddenly and immediately following the injury, if any, upon the plaintiff? Answer: Yes.

"If you have answered Special Issue No. 3 'Yes,' then answer Special Issue No. 4, but if you have answered Special Issue No. 3 'No,' you need not answer Special Issue No. 4.

"No. 4.—Was such injury, if any, accompanied by pain? Answer: Yes.

"If you have found from the evidence that the plaintiff sustained a hernia on or about the 30th day of April, A. D. 1929, while working for the Texas Cement Plaster Company, as alleged in his Second Original Petition, then answer Special Issue No. 5.

"No. 5.—Did said hernia exist in any degree prior to April 30, 1929? Answer: No.

"If you have answered Special Issues Nos. 1, 2, 3 and 4, in the affirmative or 'Yes' and Special Issue No. 5 in the negative or 'No,' then answer Special Issue No. 6, but if you have answered Special Issues Nos. 1, 2, 3 and 4 'No,'

or Special Issue No. 5 'Yes,' then you need not answer Special Issue No. 6.

"No. 6.—Was the plaintiff totally incapacitated for work as the proximate result of the injury received on the 30th of April, 1929, if you find that he did receive such injury? Answer: Yes.

"If you have answered Special Issue No. 6 'Yes,' then you will answer Special Issue No. 7; if you have answered Special Issue No. 6 'No,' you need not answer Special Issue No. 7.

"No. 7.—Was such total incapacity, if any, permanent? Answer: Yes.

"No. 12.—What do you find, from the evidence, was the average weekly wages of the plaintiff at the time and for one year prior to April 30, 1929? Answer: $24.50.

"No. 13.—Would it work a manifest hardship and injustice to the plaintiff if the compensation, if any, allowed was not paid to him in a lump sum, instead of by weekly payments? Answer: Yes.

"If you have answered the foregoing Special Issue No. 13 'Yes,' then in that event and in that event only, answer Special Issue No. 14.

"No. 14.—What per cent. of discount should be allowed the defendant in case the compensation allowed, if any, should be awarded to the plaintiff in a lump sum? Answer: Six per cent."

Upon the above findings of the jury, the trial court set aside the order of the Industrial Accident Board denying him any recovery, and found that plaintiff was entitled to an award of 60 per cent. of $24.50 for a period of 401 weeks, that it be paid in a lump sum less a 6 per cent. per annum discount calculated upon the weekly payments in order to arrive at the present value, which is in the sum of $4,736.23, and rendered judgment accordingly, which was affirmed by the Court of Civil Appeals. 31 S.W.(2d) 673.

## Opinion.

It is the contention of plaintiff in error that, if any injury was suffered, it was in the nature of a right inguinal hernia for which a specific compensation is provided, and it was not shown or found by the jury that Neatherlin has any chronic disease or is otherwise in such physical condition as to render it more than ordinarily unsafe to submit to a hernia operation; the specific compensation contended for by plaintiff in error being an operation, the cost of the operation and compensation for a period of 26 weeks, and, if the operation is not successful, compensation during incapacity.

Section 12b, art. 8306, Rev. Stat. 1925, provides that in hernia cases the association shall provide competent surgical treatment by

radical operation, but it was alleged and proved by the testimony of the claimant that he made demand for such operation, and such demand was refused. Plaintiff in error concedes in proposition under its first assignment of error, set out in its application for writ of error to the Supreme Court, that such operation must be at the expense of the insurer.

■ The statute provides that such operation shall be provided "in all such cases where liability for compensation exists." The plaintiff in error contended, and the board decided, that there was no liability. Under the circumstances, defendant in error took the necessary steps to prevent himself from being bound by that decision, and jurisdiction of the whole matter was transferred to the district court. Mingus v. Wadley, 115 Tex. 561, 285 S. W. 1084.

■ There was no refusal by the claimant to submit to any operation, and therefore it was not incumbent on him to do the useless thing of asking for a medical examination and report (stipulated for in the statute only where the association provides for the operation and claimant refuses to submit thereto) contemplated in section 12b, art. 8306.

Had the association provided, or offered to provide, competent surgical treatment by radical operation, and the claimant refused to submit thereto, a different question might be presented here.

■ As said by the Supreme Court of Tennessee in Crane Enamelware Co. v. Dotson, 152 Tenn. 401, 277 S. W. 902, 903, "there is no provision in the act requiring an injured employee to have an operation at his own expense." In that case, as in this, the evidence tended to show that the claimant was not financially able to have the operation performed, being dependent on the charity of relatives.

■ In a suit by an employee for injuries alleged to have caused hernia, he is permitted to plead and prove his willingness to undergo the operation provided for by article 8306, § 12b, and that the defendant refused to have same performed. Columbia Casualty Co. v. Ray (Tex. Civ. App.) 5 S.W.(2d) 230.

The statute provides that, if an operation is had and is not successful and does not result in death, compensation shall be paid under the general provisions of the act, the same as if such operation had not been had. Article 8306, § 12b.

■ If an operation is not had, and the claimant not in default because of that fact, the statute, we think, clearly recognizes his right to recover under its general provisions.

The petition alleges that in addition to the hernia, plaintiff sustained an injury to his colon, which was an internal injury caused by the lifting of a heavy weight at the time he suffered the hernia, straining, tearing loose, and rupturing the muscles, ligaments, fibers, nerves, and membranes in and around his colon, as a result a severe colitis developed, from which, with the hernia, and as a result of the injury set out, he has become totally and permanently disabled.

There was a sharp conflict in testimony as to whether a hernia might cause colitis—an inflammation of the large intestine; one physician testified that he had never seen or read of a case in which a colitis was the result of a hernia, while the only other physician who testified stated that from his examination and opinion the condition of the claimant's colon is the result of a hernia and he does not regard any cure for colitis.

■ Having found that claimant suffered a hernia, it was for the jury to then decide whether or not this injury resulted in the claimant's total and permanent incapacity to labor.

■ In Petroleum Casualty Co. v. Seale, 13 S.W.(2d) 364, 366, approved by the Supreme Court, it was held by this section of the Commission: "We do not mean to hold that an employee who has received an injury to a specific member of the body is confined to a recovery of the compensation specially provided for such injury if he is able to allege and prove other injuries or if it be fairly shown that the injury to the specific member has involved other portions of his body or affected his general health. Under such allegations and proof he may be entitled to have his injury compensated under the more liberal provisions of the act," citing in support thereof: Lumbermen's Reciprocal Association v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982; Texas Employers' Insurance Association v. Moreno (Tex. Com. App.) 277 S. W. 84; Lumbermen's Reciprocal Association v. Anders (Tex. Civ. App.) 292 S. W. 265, 267.

We have reached the conclusion that the correct disposition of this case has been made, and therefore recommend that the judgments of the trial court and of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.