Hotel Claridge Co. *et al. v.* Blank.

*(Nashville,* December Term, 1935.)

Opinion filed January 25, 1936.

576

ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN, of Memphis, for plaintiff in error.

HUGH STANTON, D. B. CRAWLEY, and LOUIS PEISER, all of Memphis, for defendants in error.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

This is an action by Grace Blank, surviving widow of Max Blank, to recover compensation on behalf of herself and an eight year old daughter, for the death of petitioner's husband, Max Blank, deceased. Blank was employed as a painter or decorator by the Hotel Claridge Company, in August, 1933. He was engaged in painting or decorating the ceiling of the main dining room, called

the "Plantation Room," and in order to reach the ceiling it was necessary to have a scaffold, which was provided by means of boards supported by ladders. The floor beneath was protected from falling paint by canvas. In attempting to move or straighten the canvas on the floor, Blank moved a ladder which supported the scaffold, and one of the scaffold boards slipped off the ladder, and the falling end struck Blank on the hip, inflicting a wound which at the time produced a visible contusion. This was on August 23, 1933. Sarcoma developed as a result of the injury, and Blank died from the effects thereof on July 28, 1934. The trial court made an award for the benefit of the widow and minor child of $5.60 for 400 weeks, this being 40 per cent of the weekly wages of the employee; and an allowance of $100 burial fee was also granted.

The defense interposed is that the required written notice of the injury was neither given nor waived, and that the employee, Blank, in his lifetime, made a settlement of the liability, which was approved by decree of a court of record, and that such settlement was a discharge of all obligations to which the employee was entitled, and that by reason of the facts and terms of such award in the court decree, the employee's dependents, who can have no greater rights than he had, must be repelled.

No written notice of the injury was given by the employee. It was alleged that the employer had actual notice, and it is insisted that the requirements of the statute are met.

It is to be noted that section 6872 of the Tennessee Code of 1932 brings forward a material change in the

wording of section 22, chapter 123, Acts 1919. Under said section 22, it was required that the injured employee, or his representative, must give or cause to be given to the employer written notice of the injury. Section 6872 of the Code provides merely that the injured employee shall "give or cause to be given to the employer who has not actual notice, written notice of the injury," and the employee is not entitled to physician's fees nor to any compensation which may have accrued from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident.

It can no longer be doubted, as the compensation act is construed by this court, that an employer may waive a written notice, and the giving of written notice may be excused where the employer has actual knowledge of the injury, and is not prejudiced by the absence of the written notice. The points are covered in *Marshall Construction Co.* v. *Russell*, 163 Tenn., 410, 43 S. W. (2d), 208, and many other reported cases not necessary to review. In the case at bar, if the proceedings had between the employee and his employer are not a bar to any action in behalf of the dependents of Blank, a point to be noticed later, then the question of actual notice or knowledge of the accident and injury is foreclosed. Whether such actual knowledge was imparted was an issue in the trial court. LaBelle testified on the day Blank was injured, the witness, Blank, and others ate lunch in the basement dining room; that Mr. Emmons was present, and that Blank made the statement that the board had fallen on his hip, and that this became a subject of conversation during the meal hour, and that

Emmons made the remark, "You could not hurt that Dutchman with a French seventy-five," referring to Blank. An issue of fact was made as to whether Emmons was present at the meal hour, or whether this conversation occurred. There is material evidence on both sides of the matter. The trial court found that the information mentioned was given to Emmons, and under long-settled rules of this court, we are bound by the facts found by the trial court, where such facts are supported by material evidence. Emmons was not a fellow workman of Blank. He was the chief engineer for the Hotel Claridge Company, had charge of all the laborer employees of the hotel, employed Blank, and was his superior, and notice to him was notice to the Hotel Claridge Company.

This leaves for consideration only the question of the effect of the settlement and discharge which Blank himself executed.

It appears that Blank continued to follow his employment for some weeks after his accident. The injury to his hip grew and continued sore, and gave him trouble. It is admitted that actual knowledge of the injury and condition was brought to the attention of the employer on or about November 15, 1933. As a result of such knowledge, the employer and its insurance carrier proposed a settlement to Blank. A joint petition was prepared for Blank, Hotel Claridge Company, and its insurance carrier, and this petition was signed by Blank and sworn to by him on November 27, 1933. In this petition it is recited that Blank had been an employee of the Hotel Claridge since about August 22, 1933; that he was injured by a falling board, while at his work, on August

23, 1933; and "that no notice of said alleged accident was given to the employer or any of the immediate superiors of the said Max Blank, nor did said employer or any of the immediate superiors of said Max Blank, nor said insurance carrier have any actual knowledge of said alleged accident until on or about November 15, 1933, the said Max Blank making no written or oral report of said alleged accident to any agent or official of said employer or of said insurance carrier until on or about November 15, 1933."

It is further recited that Blank is suffering from a growth over his right hip, and the attending physician is unable to state the cause of such growth, but advises an exploratory operation; it is further recited that the insurance carrier has denied liability on account of the accident, but is willing to pay, in compromise of the claim, $200, and that Max Blank is willing to compromise and settle any claims he may have against his employer, and its insurance carrier, for said sum, and that the parties have been advised by the attending physician that $200 will adequately cover the hospital and medical expenses which may be necessary for an operation on Blank. The prayer of the petition was for the approval of the compromise settlement, and that by payment of the $200 the employer and insurance carrier be discharged in full, and all liability to Blank be decreed to be satisfied and discharged. This sworn petition was presented to the circuit court of Shelby county, and when it was there presented, the court appointed a member of the bar then present to examine the petition and the petitioner, Blank, and advise the court if the proposed settlement was fair and proper. The attorney held a

consultation with Blank, read his petition, was advised by Blank that the settlement was satisfactory to him, was also advised by Blank that he had given his employer no written or other notice of the injury, and the attorney reported to the court that the settlement was favorable to Blank and should be approved. Thereupon the trial court made and spread of record an order approving the settlement, this order reciting the facts set out in the petition, and decreeing that the payment of $200 satisfied and discharged in full all liability of the Hotel Claridge Company, and its insurance carrier, to Blank by reason of any accident he may have sustained while in the hotel's employ.

It is earnestly insisted that this settlement was an adjudication that the employee gave no written or other notice to the employer within the time prescribed by statute, and that the settlement made and approved by the court was a discharge of all obligations growing out of the accident.

Our statute provides that in case of death compensation shall be paid to dependents not exceeding 400 weeks, Code, sec. 6883, subsec. (17); that to a widow and one dependent child there shall be paid 40 per cent of the average weekly wages of deceased, Code, sec. 6883, subsec. 7; and also provides that in case a workman sustains an injury arising out of and in the course of his employment, and during the period of disability caused thereby death results approximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death. Code, sec. 6878(f).

If the dependents have a right of action independent of the employee's right of recovery, in which the em-

ployee has no interest, and cannot discharge, then any action taken by the employee in his lifetime is without effect upon the rights of his dependents, except that compensation paid to him must be deducted from the allowance in behalf of his dependents.

This court has held that an employee's right to wages does not survive to a widow. *Bry-Block Merc. Co.* v. *Carson,* 154 Tenn., 273, 288 S. W., 726. We have held also that dependents occupy no higher ground than that of the employee. *Hughes* v. *Elliott,* 162 Tenn., 188, 35 S. W. (2d), 387. But the points decided in these cases are not decisive of the case at bar.

It is stated in 71 C. J., 942, 943, that an approved agreement is final and conclusive to the extent of all facts agreed on, and that such agreements have been held conclusive as to the giving of the notice of the accident by the employee. In support of the latter statement the author cites *Kareske's Case,* 250 Mass., 220, 145 N. E., 301.

It is also stated in 71 C. J., 1198, that an award has been held conclusive as to the facts on which jurisdiction depends, including the giving of notice of the injury to the employer, and in support of the latter statement *Lumbermen's Mut. Casualty Co.* v. *Bissell,* 220 Mich., 352, 190 N. W., 283, 28 A. L. R., 874, is cited.

*Kareske's Case, supra,* is not in point with and does not support the insistence made in the case before us. *Kareske's Case* involved merely the making of a further claim for disability, after one allowance had been made. The petition was by the employee himself, not by his dependents after his death.

*Lumbermen's Mut. Casualty Co.* v. *Bissell, supra,* was

a controversy between the employer and an insurance carrier, and is not helpful in this case.

In Schneider's Workmen Compensation Law (2d Ed.), vol. 2, p. 1290, the rule is stated as follows:

"A dependent's claim to compensation arises upon the death of the workman, and is independent of the claim to compensation by the workman. A settlement by the employer with the workman does not bar the dependent's right to compensation. Nor does a release by the workman bar dependent's right to compensation."

In *Cripps' Case,* 216 Mass., 586, 104 N. E., 565, Ann. Cas., 1915B, 828, which involved the effect of a release made by the deceased upon the rights of his dependents, in construing the Massachusetts statute, the court said that the right of recovery given to the widow cannot accrue until the employee's death, and having been created for her benefit, it is independent of his control.

In *Routh* v. *List & Weatherly Const. Co.,* 124 Kan., 222, 257 P., 721, 724, 62 A. L. R., 150, the court held that under the Kansas act an injured employee has a right of action, and also his dependents have an independent right of action in the event of the employee's death, "and a release given by the injured workman after the injury, and prior to his death, for his suffering and loss, is not a bar to the action by the dependents for their benefit for the death of the workman if it results from the injury."

In *Industrial Commission* v. *Davis,* 126 Ohio St., 593, 186 N. E., 505, 88 A. L. R., 1175, it is held that the action of the injured employee, and the action of his dependents following his death from injuries growing out of the employment, are separate and independent, neither

being dependent upon nor affected by the determination of the other. The court points out that the rights are analogous to the right which the injured employee has, and which certain other beneficiaries have, under the Federal Employers' Liability Act (45 U. S. C. A., sec. 51 et seq.). And under this act, the United States Supreme Court has said, as to such rights, that one begins where the other ends, and a recovery upon both is not a double recovery for a single wrong, but a single recovery for a double wrong. *Michigan C. R. Co.* v. *Vreeland* 227 U. S., 59, 33 S. Ct., 192, 57 L. Ed., 417, Ann. Cas., 1914C, 176; *St. Louis, I. M. & S. R. Co.* v. *Craft*, 237 U. S., 648, 35 S. Ct., 704, 59 L. Ed., 1160.

We think the latter cases lay down the correct rule. Under our statute, which this court has said creates contractual rights by reason of the statutory provisions, the employer is charged with the liability to pay the statutory compensation to the injured employee, and upon his death, to make the statutory payments to the dependents of the employee, when death results under such facts as to create liability. The rights of the dependents vest in them upon the death of the employee, and arise out of the death; such rights do not exist until the death; they belong to the dependents, and their rights are wholly independent of the rights which the employee himself had during his lifetime. For the reason that the rights of the dependents are independent of the employee's rights, the employee has no interest in nor control over the dependents' rights, and in his lifetime he can do nothing to deprive the dependents of the benefits which our statute gives to them. This necessarily follows from the express provisions of the act itself. It follows for

another fundamental reason, namely, the dependents are not parties to, and have no interest in or control over, an action by the employee to recover for, or to settle and discharge his individual rights.

It follows that the trial court was correct in decreeing that petitioner was not barred by the settlement and discharge executed by her husband, and approved and decreed to the employee by the court. But this settlement of the employee, Blank, included $70.20 compensation, over and above the amount of his hospital bill and expenses. Under the statute, this should have been deducted from the recovery in behalf of the dependents, and the deduction will be made here. And it may be observed that this provision of our statute, under which compensation paid the employee prior to his death is deducted from the allowance to his dependents, is most favorable to the employer, gives him the benefit of all payments made, and removes any appearance of double liability for a single injury. Of course, the allowance made is subject to the other provisions in our act as to the continuance of the payments.

Modified as indicated, the decree of the trial court is affirmed.