TENNESSEE PRODUCTS CORPORATION *v.* GRAVITT.

*(Nashville,* December Term, 1944.)

Opinion filed January 6, 1945.

A. A. KELLY, of South Pittsburg, for respondent-appellant.

H. L. BARGER, of Chattanooga, for petitioner-appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The trial Judge awarded Gravitt compensation for an accidental injury on the basis of a seventy-five per cent total and permanent disability. The sole defense relied on by the corporation below and here is the failure of

petitioner to give written notice within thirty days as required by the statute (Code Section 6872) which cuts off the right to recover compensation unless "written notice is given the employer within thirty days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented."

The trial Judge found to his satisfaction that there was reasonable excuse for the delay in giving formal written notice in this case.

We have heretofore recognized the broad discretion vested by the express terms of the statute in the trial tribunal. Not only must there be no material evidence to support his finding, but it must clearly appear that there has been an abuse of discretion before this Court will reverse the judgment of the trial Court in this regard. We said in *Marshall Const. Co.* v. *Russell*, 163 Tenn. 410, 413, 43 S. W. (2d) 208, 209, that this "[is a question] peculiarly for the trial judge," this being in accord with the language of the statute.

We find no such abuse on the facts of this case. What we said in *Ware* v. *Illinois Cent. R. Co.*, 153 Tenn. 144, 148, 281 S. W. 927, 928, applies. We quote: "With respect to the reasonableness of the excuse shown for failure to give the notice, two grounds heretofore recognized by this court concur: First, actual knowledge at the time, by the representatives of the employer, of the accident, its cause, and the then apparent extent of the injury. (*Crane Enamelware Co.* v. *Dotson*, [152] Tenn. [401], 277 S. W. 902); and, second, evident ignorance, without apparent fault, of the serious consequences of the accident, on the part of the employee, and also of the representatives of the employer. (*Chatta. Imp. & Mfg.*

Co. v. *Grady Scealf,* Knoxville, Sept. term. 1925). Partially in point is *Ezell* v. *Tipton,* 150 Tenn. [300], 301, 264 S. W. 355. And see note 32, citing *English Cases,* in C. J. advance pamphlet on Workmen's Comp. Acts, p. 105." [Now, 71 C. J., p. 985 *et seq.*]

Our later cases are in full accord.

Petitioner was first injured on July 20, 1943. He testified that his foreman was nearby and though he did not see the accident, he talked with his foreman shortly afterward and "told him about my back." Notices posted by the corporation directed that all injuries be reported to the foreman. He then promptly "reported" it to Dr. Price. He says, "I asked him what was wrong and he said the muscles were standing up in my back." He was given some treatment and shortly resumed his work. Dr. Price was the physician in charge for the corporation of compensation cases. He also was the general mine physician of the employees. Actual notice was had by the foreman and the doctor, and there is no showing of prejudice resulting from the delay in giving written notice. In this situation the omission may be excused by the trial tribunal. *Hotel Claridge Co. et al.* v. *Blank,* 169 Tenn. 575, 89 S. W. (2d) 758, citing *Marshall Construction Co.* v. *Russell, supra.*

Petitioner suffered a further, or second injury on October 18, 1943. His feet slipped while pulling back on a car and he fell and hit the back end of his spine.

He testified that the next afternoon he reported this to Dr. Price. He later saw, also, a Dr. Broughton. He was later taken to the Erlanger Hospital. Here he first learned that he had suffered a broken back when Dr. Price informed him of it. He says that this was the first time he knew that he was seriously injured, that he had not thought until then he would have to ask compensation.

Asked why he did not give the thirty day written notice more promptly he said, "Dr. Price was going to cure me, he took care of me, and I was figuring getting back on the job without applying for compensation."

It further appears that a written report of the injury to petitioner was sent to the corporation by Dr. Price, and, also, that in November petitioner called at the office of a representative of the corporation and there told him of his injuries.

It is unnecessary to say more. It is apparent that there was abundant evidence before the trial Judge to justify his finding of reasonable excuse on both grounds referred to in the foregoing quotation from *Ware* v. *Illinois Cent. R. Co.* The assignments of the corporation are overruled.

Petitioner below also appeals and asserts that the trial Court erred in failing to award him compensation for total and permanent disability—that his disability is not seventy-five per cent only, but total.

This Court, as recognized by counsel, is bound on this question, also, by the material evidence rule. It may be questioned that the assignments properly challenge the extent of the award in that the opening language of Assignment III reads: "Because the Court erred in finding that petitioner had suffered a seventy-five per cent (injury) permanent partial disability, when the greater weight and preponderance of all the evidence clearly showed that petitioner suffered a total permanent disability," and in the following Assignment IV, it is said, "most of the material proof indicated and showed that he would probably get worse instead of better, that petitioner had no earning ability at the time of the trial of this cause, and the greater weight of the evidence showed that his condition was permanent. There-

fore, the preponderance of the material proof evinced that petitioner was totally and permanently disabled," etc.

■ It is true that it is elsewhere charged in these assignments that "all the material proof showed that petitioner was absolutely unable to do any kind of work," etc., but we think the language of the assignments as a whole challenge the judgment of the trial Judge as contrary to the weight or preponderance of the evidence, rather than upon the ground that there was no material evidence, as the rule in this class of cases contemplates.

■■ However, we have examined the record and find that whatever may be the preponderance of the evidence on this question, there is direct and satisfactory evidence to support the finding of the Chancellor. While the medical testimony by several witnesses may be said to support the insistence as to total disability, at least two medical witnesses testified to the contrary, and clearly support the finding of the Chancellor. This is sufficient. Moreover, this petitioner was seen and heard by the trial Judge who thus had an opportunity to judge for himself as to whether or not he was totally disabled. We have repeatedly recognized that this situation is always to be considered in support of the finding of the trial Judge as to the physical condition and extent of impairment of earning capacity. It follows that the assignments of the petitioner challenging the amount of the award must be overruled.

The judgment is affirmed.