## PARKER v. MEAD CORPORATION.

### Civ. No. 457.

United States District Court
E. D. Tennessee, N. E. D.

Sept. 15, 1949.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

Penn, Hunter, Smith & Davis, Kingsport, Tenn., for defendant.

GEORGE C. TAYLOR, District Judge.

August 6, 1947, while at work for defendant, plaintiff fell and sustained inguinal hernias, one on each side. Under the facts and the Tennessee Workmen's Compensation Law, Code, § 6851 et seq., plaintiff's disability is compensable, but compensation has been withheld on the ground that plaintiff refused to undergo an operation which was tendered him by defendant on August 9, 1947. The question here is whether plaintiff was justified in refusing to undergo the operation.

He has submitted himself to a number of physical examinations by different physicians. The greater weight of medical opinion here in evidence is to the effect that an operation for hernia as a general proposi-

tion is not regarded as particularly dangerous, also that nothing appears in plaintiff's physical condition that should make an operation in his case inadvisable. One physician who examined plaintiff at the request of defendant made the statement: "I see no reason why an operation on this man should not be successful and it should correct all complaints and symptoms referable to his hernia." He would not guarantee that an operation would cure the hernia, but said: "I believe it would." He admitted under cross examination that not all hernia operations are successful.

In Sun Coal Co. v. Wilson, 147 Tenn. 118, 245 S.W. 547, the court held that refusal of an employee to undergo a tendered operation for hernia was unreasonable and justified the employer in discontinuing payments of compensation. That decision has not been overruled. Neither has it been followed with enthusiasm. The Tennessee court has subsequently pointed out in effect that in the Sun Coal Co. case the evidence established a minimum of risk and a maximum of hope and has refused to extend the rule of that case to those in which conditions are appreciably removed from the ideal standard. See, Russell v. Virginia Bridge & Iron Co., 172 Tenn. 268, 111 S.W. 2d 1027; DuPont Rayon Co. v. Thurman Bryant, 160 Tenn. 362, 24 S.W.2d 893; Crane Enamelware Co. v. Dotson, 152 Tenn. 401, 277 S.W. 902; Fred Cantrell Co. v. Goosie, 148 Tenn. 282, 255 S.W. 360. In the case last cited, the court said: "We think a reasonable construction should be given to our statute. We do not think it should be required that the injured employee should submit to a serious operation involving an appreciable risk of life in order that the pecuniary obligation created by law in his favor against his employer may be minimized." 148 Tenn. 291, 255 S.W. 363.

The plaintiff, Neal Parker, is now about sixty-two years of age, in that period of life when the relative operational risk is increasing. He has smothering spells, which may be indicative of a weak heart. X-ray photographs disclose tortuosity and enlargement of the descending aorta, enlargement of the liver, calcification in the left lung and in the vicinity of the spleen, minor arthritic lipping in the spine, and arthritic spurs in the lumbar region. These conditions, though somewhat remote from the hernias, adversely affect his general health and could seriously lessen his ability to resist the nervous shock of a surgical operation. In the Sun Coal Co. case the employee had sustained only a single hernia. Here the employee sustained a double hernia. What the ratio of risk would be as between an operation for a single and one for a double hernia, the Court is not advised, but it may be assumed that the risk connected with the double hernia would be appreciably greater.

The Court is of the opinion that plaintiff's refusal to undergo the proffered operation was not unreasonable and that he is entitled to compensation as for temporary total disability as provided by the compensation statute. The parties should agree on the weekly amount due plaintiff and prepare an appropriate order.