## SAGE v. TENNESSEE EASTMAN CORPORATION.

### No. 627.

United States District Court
E. D. Tennessee, N. E. D.
Nov. 22, 1950.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

E. Lynn Minter, Minter & Tipton, Kingsport, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Speaking from the bench at the conclusion of proof and arguments, I made findings of fact and announced my opinion as to the applicable rules of law, the result being a decision of the case in favor of the plaintiff. At the same time I requested counsel for the parties to submit briefs, registering any objections they might have as to the disposition of the case, before the entry of final judgment. Having examined the briefs submitted on relevant points of law and further considered the matter, I make this supplemental findings of fact and conclusions of law, as follows:

1. The plaintiff, Bill Sage, an employee of defendant and earning $40.00 or more per week, is permanently and totally disabled to pursue any gainful employment and has been in that condition since May 25, 1949.

2. His disability is the result of an accidental injury, sustained by him in the course of and arising out of his employment.

3. Prior to the accidental injury, he had a diseased circulatory system, which adversely affected the coronary artery.

4. On the date of his injury, he was carrying a 2-inch iron pipe, 10 or 12 feet in length, up a winding stairway. In order to make a difficult turn at the top of the stairs, he had to turn the pipe into a near-perpendicular position and lift it directly upward in that position. This turning and lifting involved an overexertion of his body and an added strain upon and increased exertion of his heart, as a result of which the appearance of an occlusion of the coronary artery was hastened.

5. Defendant had actual notice of plaintiff's accidental injury.

Other facts will appear incidentally hereinafter.

Three doctors testified for the plaintiff, and each was of the opinion that where the pattern of disease exists for it, the coronary thrombosis is inevitable and may develop anywhere and at any time, and that the association of its appearance with particular physical exertion is speculative. Yet all of them were of the opinion that an act of overexertion might precipitate it or hurry it along. Dr. Munal testified: "It is known that exertion frequently brings on these attacks." As to whether climbing the stairs and making the difficult turn hastened it in plaintiff's case, he stated: "I think that brought it on, the added exertion." Dr. Powers testified: "Severe physical exertion is dangerous to anyone with coronary heart disease. * * * It throws a burden on the heart which causes the demand for a greater circulation of blood through the heart muscle, and if the blood vessels are narrowed to a point where the adequate blood cannot flow through them, then the heart muscle is weakened by that. * * * More than ordinary exertion will hasten coronary occlusion."

From the medical testimony, two inferences could be drawn: One, that the cause of plaintiff's coronary thrombosis is unknown; the other, that it was caused by the overexertion in lifting the iron pipe and making the difficult turn at the head of the stairs. The medical testimony more strongly supports the latter, and as a matter of law I am authorized to adopt, and I have adopted, the stronger inference. Benjamin F. Shaw Co. v. Musgrave, 189 Tenn. 1, 222 S.W.2d 22; Graybeal v. Smith, 189 Tenn. 412, 225 S.W.2d 556; Milstead v. Kaylor, 186 Tenn. 642, 212 S.W.2d 610. It is well settled in the State of Tennessee that disability resulting from an untoward event, which we commonly refer to as an accident, that hastens the onset of an affliction or aggravates a preexisting disease, is compensable. Lucey Boiler & Mfg. Corp., v. Hicks, 188 Tenn. 700, 222 S.W.2d 19; Swift & Co. v. Howard, 186 Tenn. 584, 212 S.W.2d 388. Included within the meaning of accident is extra exertion, required of an employee at any moment or place. Cambria Coal Co. v. Ault, 166 Tenn. 567, 64 S.W.2d 18.

In view of the actual notice of plaintiff's injury by defendant's physician and plaintiff's immediate foreman, the failure to give written notice is excused. Tennessee Products Corp. v. Gravitt, 182 Tenn. 54, 184 S.W.2d 164.

Let an order of final judgment be prepared, awarding the plaintiff benefits provided for cases of permanent total disability.