# EDWARDS *v*. HARVEY *et al.*

## (*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

SNIPES & SWAN and JOHN F. WILEY, all of Johnson City, for plaintiff.

Penn, Hunter, Smith & Davis, of Kingsport, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a workmen's compensation suit which was dismissed by the trial court on the ground that the plaintiff below, Harmon Edwards, did not give notice of his injuries as required by Code Section 6872, Laws 1919, C. 123, Section 22.

The defendant J. E. Harvey is a general contractor. Dance is engaged in the sheet metal business and is the sole owner of S. B. White and Company. This last-named company is a trade-name for Dance. Dance is not now before the Court as the case against him was dismissed and no appeal taken.

It appears that the plaintiff Edwards had worked for Harvey for a number of years. At the time of the accident, in March, 1951, Dance was building a house for his

own use. He testified that the only connection between his regular business and the building of his own home was that he did the sheet metal work, plumbing, etc. At this time, Edwards was an employee of Harvey as a carpenter. Dance employed Harvey for a flat fee of 5% of the cost, to supervise the construction of the house and to lend Dance the necessary employees from his crew to build the house. Dance kept separate time books and paid the employees directly. The accident in question happened on March 11, 1951.

Edwards testified that while working on the Dance house one snowy day, and as he was walking down a runway, he slipped and fell and injured his back. He stated that on his return trip he said to the foreman, Rader: "I slipped and fell on that runway and like to have busted my head." He worked that day without appreciable pain but that night and the next day, he had considerable pain in parts of his back; that from time to time the pain grew more severe and that he visited a number of doctors. He continued to work for Harvey most of the time thereafter. Written notice of the accident was given to Dance and Harvey on June 13, 1951. A few days thereafter this suit was instituted.

We agree with the trial judge that at the time of the accident Edwards was an employee of Harvey, who had contracted this job for a flat fee and that all of his men were under his control.

This brings us to the question of whether Edwards is excused from giving the written notice as provided by Code Section 6872.

It appears from the undisputed testimony that Edwards related the accident immediately after it happened to defendant Harvey's foreman, and as fully as he knew it

at the time; that he did not know enough about his condition to give a statutory notice within the statutory time. There is no contradiction of Edwards' testimony that he first learned about the middle of May, 1951 that his fall sustained on March 13, 1951 was responsible for the injury to his back.

In *Tennessee Products Corporation* v. *Gravitt*, 182 Tenn. 54, 184 S. W. (2d) 164, 165, this Court said:

" 'With respect to the reasonableness of the excuse shown for failure to give the notice, two grounds heretofore recognized by this court concur: First, actual knowledge at the time, by the representatives of the employer, of the accident, its cause, and the then apparent extent of the injury. (*Crane Enamelware Co.* v. *Dotson*, 152 Tenn. 401, 277 S. W. 902); and, second, evident ignorance, without apparent fault, of the serious consequences of the accident, on the part of the employee, and also of the representatives of the employer.' "

In *King* v. *Buckeye Cotton Oil Co.*, 155 Tenn. 491, 495, 296 S. W. 3, 4, 53 A. L. R. 1086, it is said:

"While this court is bound by the findings of the trial judge on questions of fact whenever there is any evidence to sustain the finding, it is not bound by the conclusions drawn by the trial judge from undisputed facts, and may reach a different conclusion from that of the trial court on the same findings of fact."

In *Ogle* v. *Tennessee Eastman Corp.*, 185 Tenn. 527, 206 S. W. (2d) 909, 911, this Court said:

"Certainly, if physical disability is a reasonable excuse, ignorance of the disability, under the extraordinary circumstances of the present case as they

are alleged in the bill, is a stronger and more persuasive excuse than physical disability. No reasonable construction of law could require that complainant give notice of a disability which he did not know existed or which did not in fact, exist, or that he should file suit for a disability before he had suffered it."

██ ██ Immediately following the accident Edwards reported it to the foreman, which we think complied with the statute. Furthermore, it appears that Edwards did not know of the resultant injury to his back until about the middle of May following the injury in March.

"Further, the Act is not to be construed strictly as being in derogation of the common law, but liberally in favor of the claimant and in furtherance of the sound public policy that dictated the legislation, Code sec. 6901; * * *." *Ogle* v. *Tennessee Eastman Corp.*, supra.

It results that we are constrained to reverse the judgment of the lower court and the case is remanded for awarding compensation as provided under the Workmen's Compensation Act, Code Section 6851 et seq.