Marvin DAVIS, Appellee-Petitioner,

v.

TRAVELERS INSURANCE COMPANY,
Appellant-Defendant.

Supreme Court of Tennessee.

June 18, 1973.

Richard D. Taylor, Glasgow, Adams & Taylor, Nashville, for appellant-defendant.

Joe S. Bean, Winchester, for appellee-petitioner.

## OPINION

DYER, Chief Justice.

This case comes to this Court on direct appeal from the judgment of the chancellor that the petitioner be awarded workmen's compensation benefits for temporary total disability for the period April 24, 1969 to November 24, 1969, thirty-five per cent permanent partial disability, and certain medical expenses. The appellant assigns as error the chancellor's findings regarding the adequacy of notice of the injury, the admissibility of evidence of medical expenses, and the extent of disability.

Because the petitioner-appellee, Marvin Davis, subsequently suffered a stroke unrelated to the injury upon which this claim is based, the trial court received into evidence a discovery deposition taken of the petitioner prior to the stroke. The court also heard several witnesses at the trial. Although there was considerable factual dispute at trial, the facts as found by the chancellor are that Mr. Davis sustained a back injury on April 11, 1969, while working at the Carrier Air Conditioning plant in McMinnville. Petitioner advised his foreman of the injury at that time, but he continued to work until April 23, 1969. After an examination by his doctor on April 24, 1969, the petitioner was directed not to continue working and Mr. Davis so informed the employment manager. Both petitioner and his wife had further conversations with the employment and personnel managers of the company. No written no-

tice of the injury was received, however, until May 20, 1969.

There was some question regarding whether the injury was compensable under workmen's compensation or group insurance coverage and the company officials apparently sought to encourage the employee to file under the latter, but the attending physician apparently would not sign such papers because he had been advised that the injury was work connected. The chancellor determined that the injury was work connected and compensable under the workmen's compensation provisions.

■ The appellant's first assignment of error is that the claimant did not give notice in accord with T.C.A. § 50–1001, which is as follows:

Notice of injury and claim for compensation.—Every injured employee or his representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has not actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of the Workmen's Compensation Law from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions of this law unless such written notice is given the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

This assignment of error is overruled on authority of Edwards v. Harvey, 194 Tenn. 603, 253 S.W.2d 766 (1952), and Tennessee Products Corp. v. Gravitt, 182 Tenn. 54, 184 S.W.2d 164 (1945). The facts of this case are parallel to the facts in the *Edwards* case and the law of that case, and the *Tennessee Products* case applies to validate the notice given in the case at bar.

In the case at bar, appellee Davis, although injured on April 11, 1969 (following which he notified his foreman), continued working and did not know until April 24, 1969, when his physician told him he would have to stop working, that he had sustained a compensable injury under the Workmen's Compensation Act. On May 20, 1969, written notice, as required by the statute, was given, which was within the thirty day requirement. In *Edwards* the employee fell on March 11, 1951, injuring his back and so informed his foreman, but continued to work. During the course of the next several weeks the employee suffered pain and was treated by a physician. Written notice claiming a compensable injury was give on June 13, 1951, and the trial judge dismissed the case for failure to give timely notice under the statute. Reversing the trial court, this Court held that since the employee, Edwards, did not learn that his injury was incapacitating until the middle of May, 1951, after which he gave notice on June 13, 1951, the notice was timely.

In Tennessee Products Corp. v. Gravitt, *supra,* this Court said:

"With respect to the reasonableness of the excuse shown for failure to give the notice, two grounds heretofore recognized by this court concur: First, actual knowledge at the time, by the representatives of the employer, of the accident, its cause, and the then apparent extent of the injury. (Crane Enamelware Co. v. Dotson, 152 Tenn. 401, 277 S.W. 902); *and, second, evident ignorance, without apparent fault, of the serious consequences of the accident, on the part of the employee, and also of the representatives of the employer."* (Citing cases) (Emphasis supplied). 182 Tenn. at 56, 184 S.W.2d at 165.

**460**

The appellant's second assignment of error concerns the admissibility of evidence of medical expenses. Appellant contends that such evidence should have been excluded as hearsay and as being without any supporting testimony. A review of the record, however, shows that there was supporting testimony in the depositions entered in the record and a study of the exhibits themselves is sufficient to determine that the chancellor was not in error by admitting the bills, nor was it error to allow recovery for such expenses. Smith v. Norris, 218 Tenn. 329, 403 S.W.2d 307 (1966).

Finally, the appellant assigns as error the trial judge's assessment of permanent disability of thirty-five percent to the body as a whole. Special reference is made to the fact that the chancellor was unable to observe the petitioner in making his disability assessment because the petitioner suffered an unrelated stroke prior to trial and his testimony was entered by deposition. Certainly, the inability of a trial judge to observe the employee makes a disability assessment somewhat more difficult, but such an assessment must be made and other relevant evidence must be used. Here, the deposition of a medical specialist predicted that significant disability would have remained after proposed surgery (which, due to the stroke, was never undertaken), and the exhibits include medical reports giving evaluations of the petitioner's condition not inconsistent with an assessment of thirty-five per cent disability to the body as a whole. Therefore, the disability assessment is supported by material evidence.

The judgment of the chancellor is affirmed.

CHATTIN, HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Judge, concur.