Kenneth F. KANIPES, Plaintiff–Appellant,

v.

NORTH AMERICAN PHILLIPS ELECTRONICS CORPORATION, Defendant/Appellee.

Court of Appeals of Tennessee, Eastern Section.

Nov. 1, 1991.

Permission to Appeal Denied by Supreme Court March 9, 1992.

David A. Stuart, Christopher Van Riper, Clinton, for plaintiff-appellant.

Arthur G. Seymour, Jr., Robert L. Kahn, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiff's action for personal injury has resulted in a jury verdict for the Defendant. We reverse and remand on the ground that a bill of lading was improperly admitted into evidence.

Plaintiff truck driver delivered a load of television sets from Greeneville, Tennessee to St. Louis, Missouri on July 26, 1986. The truck had already been loaded and sealed by Magnavox employees when Plaintiff arrived in Greeneville. The bill of lading utilized on the trip was a seven-part form prepared after the trailer was loaded and sealed. Two parts of the form remained in the Magnavox shipping office at Greeneville, and five were delivered to a Magnavox guard who compared the seal numbers on the trailer with those on the bill of lading. The Plaintiff then signed the form and kept two of the copies on which the seal numbers had been obliterated. A "security copy" was returned to the Security Department, and the "original traffic copy" was returned to Shipping. At each stop the consignee was to note on the bill of lading both numbers of the seals that were removed and whether the load had incurred any damage.

When Plaintiff stopped to unload the television sets at Next Day Delivery Service in St. Louis, the consignee, several television sets fell out and struck Plaintiff on the head and shoulders. Plaintiff was promptly taken to a hospital and did not return until seven hours later. In his absence, Next Day employees unloaded the trailer and signed the bill of lading. Timothy Dunn's signature was identified by Next Day employee, Fred Schlicting. However, Timothy Dunn did not testify. Other handwritten notations on the bill of lading were never traced to any individuals, and these notations indicated that one television set had been lost en route, and that the seal numbers had been changed.

In this action against Defendant for failure to secure the cargo properly, in compliance with industry standards and federal regulations, Defendant, over Plaintiff's objection, introduced the copy of the bill of lading with the handwritten notations about the missing television set. Also over Plaintiff's objection, Defendant's counsel asked Plaintiff whether he had pled guilty

to grand theft and burglary in Florida in 1981.

■ On appeal, Defendant argued the bill of lading was admissible in its entirety, because it was authenticated by T.C.A. § 47–1–202; the document was a business record, within the hearsay exception of The Business Record Act, T.C.A. § 24–7–111; and the handwritten notations must have been made by a Next Day Delivery Service employee who was under a business duty to record problems with the load. Plaintiff counters the bill of lading is, itself, inadmissible because the Next Day originals were unavailable, and the handwritten notations are hearsay within hearsay because they were made by an unavailable witness, and offered to prove the truth of the statements.

■ Generally, a bill of lading would be hearsay because statements within are out of court offered for their truth. The Uniform Business Record Evidence Act, T.C.A. § 24–7–111(c) [1], provides a broad exception to the hearsay rule to enable litigants to introduce business records without calling numerous witnesses who were involved in preparing or keeping the records. *West End Recreation, Inc. v. Hodge*, 776 S.W.2d 101, 105 (Tenn.App.1989).

■ In this case, it is not seriously questioned that the bill of lading introduced at trial was a copy of the bill of lading that was used on Plaintiff's delivery. It was authenticated by Plaintiff, by Magnavox records custodian, Melton Loftis, and by other witnesses. The Act provides that authentication may be made by either a custodian or another qualified witness. Accordingly, three parts of the original seven-part form meet the standard for a hearsay exception under the Act. The more significant objection at trial, was whether the handwritten notes on the bill of lading could be admitted. The mere fact that a proffered document is a business record, does not mean that every statement contained is admissible. *See Butler v. Ballard*, 696 S.W.2d 533 (Tenn.App.1985); *Graham v. State*, 547 S.W.2d 531 (Tenn. App.1977). The admissibility of challenged statements in a business record is determined by whether the challenged statement from an unidentified source is offered for its truth, and whether the secondary statement also qualifies as an exception under the hearsay rule. *See Butler*, 696 S.W.2d at 537.

The handwritten comments contained on the bill of lading were offered to prove the load was, in fact, short. But the author of these critical statements was not only unavailable, but was unknown. Hence, Defendant could not establish the unidentified author was, in fact, under a business duty to report the information. Moreover, there is the added uncertainty about what happened to the bill of lading while Plaintiff was in the hospital. A witness, Fred Schlicting, of Next Day testified as to Timothy Dunn's signature, but Dunn did not testify. In similar cases we have held that the proffered statements should be excluded. *See Butler*, and *Hodge*. Accordingly, the admission of the statements on the bill of lading into evidence was error.

■ The Trial Judge considered out of the presence of the jury whether Defendant could cross-examine Plaintiff about a 1981 "guilty plea" in Florida for grand theft and burglary. Plaintiff's attorney argued that Magnavox had not shown, under Florida law, that the order which he described as comparable to pre-trial diversion, was in fact a prior conviction. The Trial Judge agreed the order was not a conviction, but that evidence of it might be considered under Tennessee Rules of Evidence, Rule 608, for past conduct. When the jury returned Plaintiff was asked simply whether he had pled guilty to these charges, and he admitted that he had. Cross-examination about Plaintiff's prior act was a legitimate way to question his

---

**1.** (c) A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness, testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

credibility. Under Tennessee Rules of Evidence 608(b) specific instances of a witness' conduct may be explored on cross-examination solely to impeach credibility. The Trial Court is required to hold a hearing outside of the jury's presence, and decide the alleged conduct has probative value, has a reasonable basis in fact, and occurred within ten years of the commencement of the action.

In this case, the Trial Judge followed the outlined procedure. The cross-examination of Plaintiff was proper. *Paine, Tennessee Law of Evidence*, § 608.5 at page 265.

We cannot say the introduction of the hearsay statements on the bill of lading was harmless error, because the admission of the hearsay about the mismatched seal numbers and the missing television set, could have been the deciding factor for the trier of fact. Accordingly, we reverse the judgment of the trial court and remand for a new trial with costs of the appeal assessed to the Appellee.

GODDARD and McMURRAY, JJ., concur.