# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

SHANNON RUSSELL,

      Plaintiff,

v.

DR. JAMES CRUTCHFIELD,

      Defendant.

) C/A NO. 03A01-9708-CV-00329
)
) CAMPBELL CIRCUIT
)
) HON. JAMES B. SCOTT,
) JUDGE
)
) AFFIRMED AND
) REMANDED


WILLIAM D. VINES, III, and VONDA M. LAUGHLIN, BUTLER, VINES & BABB, P.L.L.C., Knoxville, for Plaintiff.

DOUGLAS L. DUTTON and AMY V. HOLLARD, HODGES, DOUGHTY & CARSON, Knoxville, for Defendant.


## O P I N I O N


Franks, J.


In this medical malpractice action the defendant appeals from a jury verdict in favor of the plaintiff.

The action arises from treatment rendered by defendant to plaintiff in January and February of 1995. Defendant removed the 23 year-old plaintiff's gall bladder on January 25, and plaintiff, upon complaining of complications, was readmitted to the hospital and was subsequently transferred to another hospital for further treatment. It was then determined that plaintiff was suffering from a leakage of bile into the peritoneal cavity and that the right hepatic duct was leaking at two points and that clips had been placed on the right hepatic duct during surgery instead of on the cystic duct, where they should have been placed. Another physician performed surgical repair on March 6, 1995, and this action was filed on December

13, 1995.

Following trial, the jury returned a verdict for plaintiff in the amount of $1,000,000.00. The Trial Court subsequently reduced the award to $900,000.00.

Defendant contends the trial court erred in denying his Motion to Continue the trial scheduled for May 28, 1997. On May 23, 1997, defendant filed his motion stating that Dr. Edward Mason, one of defendant's expert witnesses would be unavailable for trial due to his emergency surgery. The motion was denied. However, Dr. Mason's testimony was introduced through a discovery deposition which had been conducted by counsel for the plaintiff.

The granting or failure to grant a continuance "rests in the sound discretion of the trial court" and will not be reversed absent "a clear showing of abuse." *State, Dept. of Human Services v. Hauck,* 872 S.W.2d 916, 919 (Tenn.App. 1993). While Dr. Mason was not available to testify, the jury heard his opinions through the discovery deposition. Additionally, Dr. Mason was not the appellant's only expert witness. Appellant presented the testimony of four other witnesses, who testified about various aspects of the plaintiff's treatment. One of these witnesses, Dr. Michael Kropilak, testified at great length concerning any alleged deviation in the standard of care. Thus, the trial court properly noted that Dr. Mason's testimony was largely cumulative. Moreover, it is not an abuse of discretion to deny a continuance when an absent witness' testimony would be merely cumulative. *Life & Cas. Ins. Co. of Tenn. v. Ayers*, 281 S.W.2d 75 (Tenn.App. 1954). The Trial Court did not err on overruling the Motion to Continue.

Next, defendant contends that the Trial Court erred in allowing plaintiff to testify concerning her medical bills and in admitting $64,839.60 of bills into evidence. Defendant argues that the bills were hearsay and should have been excluded. Since an evidentiary ruling by the trial court is a question of law, the

2

standard of review is *de novo* with no presumption of correctness. *City of Tullahoma v. Bedford County*, 938 S.W.2d 408 (Tenn. 1997).

We have been presented with no Tennessee cases directly addressing this issue. In *Long* v. *Mattingly,* 797 S.W.2d 889, 892 (Tenn.App. 1990), this Court noted that the plaintiff's proof "concluded with her husband introducing $6,173.19 worth of medical bills into evidence." The court later noted that the bills "were properly introduced into evidence at trial." *Id.* at 893. *Long*, however, was more concerned with whether a non-treating physician could testify concerning the reasonableness and necessity of another physician's charges. The opinion does not indicate that the defendant made any hearsay objection to the bills themselves.

In *Davis v. Travelers Ins. Co.*, 496 S.W.2d 458 (Tenn. 1973), the appellant argued that the medical expenses should have been excluded as hearsay without supporting testimony. According to the court "there was supporting evidence in the depositions entered in the record and a study of the exhibits themselves is sufficient to determine that the chancellor was not in error in admitting the bills . . ." *Id.* at 460. *Davis,* however, was a workers' compensation case and contains no further discussion of the hearsay issue.

The majority of courts in other states have held that it is error to exclude the plaintiff's testimony concerning medical bills incurred. *Walters v. Littleton*, 290 S.E.2d 839 (Va. 1982). The Virginia Supreme Court in *Walters* said:

> The bills were not hearsay. Their probative value in showing [the plaintiff's] damages did not depend upon an out-of-court assertion, but upon [the plaintiff's] assertion, based on an adequate foundation, that he received them for the services provided him. Thus, the bills were not merely reports of what the service providers charged, they were the charges themselves. [The plaintiff] should have been permitted to introduce the bills he received as a consequence of his injuries and testify to them from firsthand knowledge and subject to cross-examination.

*Id.* at 450-451 (citations omitted).

*Accord. Ledet v. National Car Rental Sys., Inc.,* 694 So.2d 1236 (La.Ct.App. 1997); *Andres v. Liberty Mut. Ins. Co.,* 568 So.2d 651 (La.Ct.App. 1990); *Guillory v. Shelter Mut. Ins. Co.,* 542 So.2d 850 (La.Ct.App. 1989); *A.J. v. Florida*, 677 So.2d 935, 937 (Fla.Dist.Ct.App. 1996). *C.F. Padilla v. Hay,* 900 P.2d 969 (N.M.Ct.App. 1995) (holding that a treating physician's medical bills were hearsay. However the court noted that the plaintiff neither testified nor made any offer of proof concerning the amount of the bills. *Id.* at 972.) Defendant relies on *State v.* Blevins, 736 S.W.2d 120 (Tenn.Crim.App. 1987), and *Kanipes v. North Am. Phillips Elec. Corp.*, 825 S.W.2d 426 (Tenn.App. 1991), as authority for the proposition that the medical bills constituted inadmissible hearsay.

*Blevins* and *Kanipes* are distinguishable from the instant case. First, plaintiff was not introducing any statements from her bills for their truths. Rather, she was stating the charges incurred. Any evidence concerning the actual treatments she received was largely addressed by either herself, or the physicians who testified. Plaintiff testified as to the amounts for which she was liable, and other expert witnesses confirmed the necessity and reasonableness of the charges. *See Long* v. *Mattingly*, 797 S.W.2d 889, 893 (Tenn.App. 1990). Tennessee Rule of Evidence 703.

Defendant also raises objections to the bills' authenticity. Under Tennessee Rule of Evidence 901 "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims." In this case, plaintiff and her treating physicians testified about the type of treatment she received. Thus, both the source of the bills and the procedures they covered were verified. *See Walters.*

Defendant also argues that the trial court erred in allowing the introduction of evidence of medical bills above and beyond the amount payable by

4

TennCare. Defendant relies upon T.C.A. § 29-26-119 which states that losses may be recovered:

> only to the extent that such costs are not paid or payable and such losses are not replaced, or indemnified, in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimants or of the members of the claimants' immediate family and insurance purchased in whole or in part, privately and individually.

Thus, defendant argues that expenses not paid by TennCare are not owed by plaintiff and could not be recovered.

In this case, any potential error was cured by the Trial Court's remittitur. The Trial Court granted a remittitur and stated that the reduction included any excess expenses that may have been allowed.

Finally, appellant insists that the evidence preponderates against the verdict as adjusted by the trial court. The standard of review set forth in T.C.A. §20-10-102(b) is appropriate for reviewing a trial court's failure to grant a larger remittitur. *Id.* Under the statute, we are required to "utilize the standard of review provided in Rule 13(d) of the Tennessee Rules of Appellate Procedure applicable to decisions of the trial court sitting without a jury." Thus, review "shall be *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn.R.App.P. 13(d). In this case, the evidence does not preponderate against the verdict as remitted.

The record demonstrates that plaintiff suffered substantial pain after the operation. In order to alleviate her condition, doctors at the University of Tennessee Medical Center performed complicated surgical repairs. Plaintiff testified she was disabled for approximately six months following the corrective surgery and was unable to take care of her children or dress herself. According to her testimony, she continues to suffer periodic episodes of pain, some of which require medical attention.

Additionally, plaintiff has a large and permanent scar on her abdomen.

Plaintiff's sister testified that her sister's personality has significantly changed, and that her skin color has become more yellow. Dr Martin Evans testified that the plaintiff's bile duct and liver chemistries "have not returned to normal" and that "this is a lifelong problem." Another physician testified that some future procedures will need to be performed on the ducts.

We affirm the judgment of the Trial Court on the award as remitted.

The cause is remanded with the cost of the appeal assessed to the appellant.

_____

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.