Filed 12/21/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 243

Pizza Corner, Inc., Plaintiff and Appellee

v.

C.F.L. Transport, Inc., Defendant and Appellant

No. 20100084

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Katrina Annette Turman Lang (argued) and Joseph A. Turman (on brief), 505 North Broadway, Suite 207, P.O. Box 110, Fargo, ND 58107-0110, for plaintiff and appellee.

Mitchell D. Armstrong, 122 East Broadway Avenue, P.O. Box 460, Bismarck, ND 58502-0460, for defendant and appellant.

Pizza Corner, Inc. v. C.F.L. Transport, Inc.

No. 20100084

Crothers, Justice.

[¶1] C.F.L. Transport, Inc. appeals the district court’s judgment granting Pizza Corner, Inc. damages of $12,903.17, interest of $2,434.36, and costs and disbursements.  We affirm.

I

[¶2] A.A. Pizza Corner in Anchorage, Alaska, ordered frozen pizzas, meat, and pizza ovens from Pizza Corner, Inc.  C.F.L. was hired to transport the goods from Valley City, North Dakota, to Tacoma, Washington.  C.F.L.’s driver, Theodore Bruesch, arrived on July 14, 2006 to pick up the products, and the temperature in the truck’s refrigeration unit was 39 degrees Fahrenheit.  Bruesch told Pizza Corner, Inc. owner David Zubrod he would adjust the refrigeration unit’s temperature to ship the pizzas, and the pizzas were loaded at approximately eleven p.m. when the temperature of the refrigeration unit was 4 degrees Fahrenheit.

[¶3] The truck arrived at American Fast Freight’s dock in Tacoma on July 18, 2006.  Bruesch was instructed to back up to the dock and to open the door on the refrigeration unit.  Bruesch turned off the refrigeration unit because the door was open, and he waited forty-five minutes before a forklift arrived to unload the pallets. After the truck was unloaded, Bruesch was handed a bill of lading with “Temp+41.0” written on it.  Bruesch asked if there was a problem and was told there was not.  The pizzas were transported to Anchorage, Alaska, and arrived on July 28, 2006.  A.A. Pizza Corner owner Daniel Aasmundstad rejected the pizzas on July 30, 2006 because the pizzas were gelled and did not look right.  The pizzas were shipped back to Pizza Corner, Inc. in Valley City.

[¶4] On June 10, 2009, Pizza Corner, Inc. filed a complaint against C.F.L., alleging the frozen pizzas arrived in Tacoma at a temperature of 41 degrees Fahrenheit and were damaged.  C.F.L. answered the complaint, and a bench trial was held on October 26, 2009.  At trial, the district court admitted the entire bill of lading into evidence over C.F.L.’s foundation and hearsay objections.  The district court ruled the entire bill of lading was admissible under N.D.R.Ev. 803(6) as a record of regularly conducted business activity.

[¶5] The district court found the pizzas were damaged while under the dominion and control of C.F.L. and concluded Pizza Corner, Inc. was entitled to “$12,903.17 plus interest at the rate of 6% from September 1, 2006, to October 26, 2009, in the amount of $2,434.36, plus costs and disbursements.”  C.F.L. timely filed this appeal.

II

[¶6] C.F.L. argues the district court erred by admitting the handwritten notation on the bill of lading because it is inadmissible hearsay.  Pizza Corner, Inc. responds the entire document was admissible under N.D.R.Ev. 803(6) as a record of regularly conducted business activity.

[¶7] The district court has broad discretion over evidentiary matters, and this Court “will not reverse a [district] court’s decision to admit evidence absent an abuse of discretion.”  
State v. Grant
, 2009 ND 210, ¶ 10, 776 N.W.2d 209.  The district court abuses its discretion “when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process.”  
Davis v. Killu
, 2006 ND 32, ¶ 6, 710 N.W.2d 118.  “A [district] court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination.”  
State v. Gibbs
, 2009 ND 44, ¶ 32, 763 N.W.2d 430 (quotations omitted).

[¶8] “‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”  N.D.R.Ev. 801(c).  A statement can be a written assertion.  N.D.R.Ev. 801(a).  Here, the handwritten notation on the bill of lading was offered to show the pizzas were damaged by C.F.L.; thus, the handwriting is hearsay.  Hearsay generally is not admissible unless the statement falls under an exception to the hearsay rule.  
See
 N.D.R.Ev. 802.

[¶9] Both N.D.C.C. § 31-08-01 and N.D.R.Ev. 803(6) provide an exception to the hearsay rule for records of regularly conducted business activity.  
See
 
Farmers Union Oil Co. of Dickinson v. Wood
, 301 N.W.2d 129, 135 (N.D. 1980).  The bill of lading with the handwritten notation was admitted under Rule 803(6) of the North Dakota Rules of Evidence, which provides a hearsay exception for:

“A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.”

N.D.R.Ev. 803(6).  North Dakota adopted N.D.R.Ev. 803 from Fed. R. Evid. 803; therefore, this Court looks to federal court interpretation of the rule to help construe North Dakota’s rule.  
See
 
Grant
, 2009 ND 210, ¶ 12, 776 N.W.2d 209.

[¶10] A bill of lading is “a document of title evidencing the receipt of goods for shipment issued by a person engaged in the business of directly or indirectly transporting or forwarding goods.”  N.D.C.C. § 41-01-09(2)(f).  The bill of lading travels with the goods “evidencing that the person in possession or control of the [bill of lading] is entitled to receive, control, hold, and dispose of . . . the goods the [bill of lading] covers.”  N.D.C.C. § 41-01-09(2)(p).  People make notations on a bill of lading “so it will continue to be an accurate description of the shipment.”  
United States v. Carranco
, 551 F.2d 1197, 1200 (10th Cir. 1977).  “The importance of the bill of lading as a commercial document is evident.”  
Morrison Grain Co. v. Utica Mut. Ins. Co.
, 632 F.2d 424, 432 (5th Cir. 1980).

[¶11] An employee from American Fast Freight handed Bruesch a copy of the bill of lading with the handwritten notation on it before Bruesch left the loading dock in Tacoma as proof they received the frozen pizzas and as evidence of the condition of the pizzas.  The bill of lading with the notation was shipped with the pizzas to Anchorage.  When Aasmundstad rejected the pizzas in Anchorage, he noted the rejection on the same bill of lading that had the handwritten temperature notation on it and sent the bill of lading to Pizza Corner, Inc.  The handwritten notation meets the initial requirements of N.D.R.Ev. 803(6) because it was created in the regular course of business by people with knowledge about the shipment who timely made the notation to maintain the accuracy of the information on the bill of lading.

[¶12] C.F.L. argues the handwritten temperature notation was not admissible as a business record because no one from American Fast Freight testified about its creation.  The foundational elements for a business record must be “shown by the testimony of the custodian or other qualified witness.”  N.D.R.Ev. 803(6).  Rule 803(6) does not require that an employee from the company that created the record provide the foundation for a business record.  
See
 
Brawner v. Allstate Indem. Co.
, 591 F.3d 984, 987 (8th Cir. 2010) (“[company] was not required to produce an individual from the entity that prepared the record to establish a foundation”); 
Dyno Const. Co. v. McWane, Inc.
, 198 F.3d 567, 575-76 (6th Cir. 1999) (witness does not need to be an employee of the business that created the record).

[¶13] Pizza Corner, Inc. asserts Zubrod’s testimony provided the foundation for  admission of the bill of lading, including the temperature notation.  Under Rule 803(6), a records custodian is someone who has custody or control of a business’s records.  
See
 
Black’s Law Dictionary
 412 (8th ed. 2004) (“custodian” is someone who “has charge or custody. . . [of] property, papers, or other valuables”).  Zubrod’s testimony does not show he is a records custodian.

[¶14] The foundation for admission of a business record can also be established using a qualified witness.  N.D.R.Ev. 803(6).  A qualified witness is someone who can explain the record keeping system of the business.  
See
 
Farmers Union Oil Co. of Dickinson
, 301 N.W.2d at 136.  The term qualified witness “is generally given a very broad interpretation.  The witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business.”  
United States v. Lauersen
, 348 F.3d 329, 342 (2nd Cir. 2003) (quoting 5 Jack B. Weinstein & Margaret A. Berger, 
Weinstein’s Federal Evidence
 § 803.08[8][a] (2d ed. 2003)); 
see also
 
United States v. Jenkins
, 345 F.3d 928, 936 (6th Cir. 2003) (witness must be “familiar with the record keeping procedures of the organization”).

[¶15] Zubrod testified he is familiar with record keeping in the shipping and freight industry because he also owns a trucking company.  He explained the use of bills of lading in the shipping industry and stated that a person receiving a shipment usually writes the temperature of the shipment on the bill of lading.  Zubrod’s testimony shows that he is familiar with the shipping and freight industry, but it does not show that he is familiar with American Fast Freight’s procedures for checking and recording the temperature of products.  
See
 
United States Commodity Futures Trading Com’n v. Dizona
, 594 F.3d 408, 416 (5th Cir. 2010) (holding witness was not a qualified witness when she did not have knowledge regarding the actual record keeping procedures of the company).  Zubrod’s testimony does not show he is a qualified witness to provide the foundation for the handwritten notation under Rule 803(6).

[¶16] Several courts have held a witness from one company can provide the foundation for a record created by a third party if that company integrated the record into its own records and relied on it, and if the record meets the other requirements of Rule 803(6).  
See
 
Brawner
, 591 F.3d at 987 (“[A] record created by a third party and integrated into another entity’s records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied.”); 
United States v. Adefehinti
, 510 F.3d 319, 326 (D.C. Cir. 2007) (“[A] record of which a firm takes custody is thereby ‘made’ by the firm within the meaning of [Rule 803(6)] (and thus is admissible if all the other requirements are satisfied).”); 
Air Land Forwarders, Inc. v. United States
, 172 F.3d 1338, 1342 (Fed. Cir. 1999) (“[D]ocuments may be admitted into evidence as the business records . . . as long as the entity is able to produce testimony that it was the entity’s regular practice to obtain information from such a third party, or that the records were integrated into the office’s records and relied upon in its day to day operations.”); 
United States v. Childs
, 5 F.3d 1328, 1333 (9th Cir. 1993) (holding witness from automobile dealership could provide foundation for department of motor vehicle record that it relied on and integrated into its business records); 
Carranco
, 551 F.2d at 1200 (allowing witness from another company to provide foundation for freight bill where the record was adopted and relied on by the business introducing it).  We adopt the position of these courts.

[¶17] Zubrod testified Pizza Corner, Inc. received the bill of lading with the handwritten notations on it in the ordinary course of business from A.A. Pizza Corner after Aasmundstad rejected the pizzas in Alaska.  Zubrod also testified that the entire document is a record of Pizza Corner, Inc. and that Pizza Corner, Inc. relied on the bill of lading for reimbursing A.A. Pizza Corner for the cost of shipping the rejected pizzas.  Although the district court did not articulate the basis for concluding the bill of lading and the handwritten notations were collectively admissible as a business record, Zubrod’s testimony could provide the foundation for its admission because Pizza Corner, Inc. adopted the whole document as its business record and relied on it and because the document meets the other requirements of Rule 803(6).  We therefore conclude the district court did not abuse its discretion by admitting the handwritten notation on the bill of lading under Rule 803(6) as a record of regularly conducted business activity.

[¶18] Pizza Corner, Inc. argues C.F.L. waived its objection by introducing a different copy of the bill of lading with the handwritten notation on it after the bill of lading was already admitted into evidence.  In light of our holding, this issue need not be addressed.

III

[¶19] The district court’s judgment awarding Pizza Corner, Inc. damages, interests, costs and disbursements is affirmed.

[¶20] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

VandeWalle, Chief Justice, dissenting.

[¶21] I would not extend N.D.R.Ev. 803(6) to the admission of that part of a business record that is handwritten by a person who is not called as a witness and is unknown to the parties under the circumstances of this case.

[¶22] In 
Kanipes v. North American Phillips Electronics Corp.
, 825 S.W.2d 426 (Tenn. App. 1992), the Court of Appeals of Tennessee concluded that the mere fact a document is a business record does not mean that every statement contained in the document is admissible; rather, the admissibility of the challenged statement “is determined by whether the challenged statement from an unidentified source is offered for its truth, and whether the secondary statement also qualifies as an exception under the hearsay rule.”  
Id.
 at 428.  In that case the Tennessee court held the handwritten notation was not admissible because the author of the statement was not only unavailable but was unknown.  Here, while Bruesch was handed the bill of lading with the handwritten temperature on it, the record does not reveal that he knew the person, knew the person’s name or that the person who handed him the bill of lading had written the temperature on the bill of landing.

[¶23] Although there is other evidence in this record that arguably, by way of inference, might support the findings of the trial court, it is slim.  I would reverse the judgment and remand for a new trial at which the handwritten temperature notation on the bill of lading is excluded unless the author of the notation is available to testify.

[¶24] Gerald W. VandeWalle, C.J.