FILED
May 07, 2025
01:54 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William Allen | ) | Docket No. 2024-80-6984 |
| | ) | |
| v. | ) | State File No. 72735-2024 |
| | ) | |
| MJ Resurrection, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

## Affirmed and Remanded

---

In this interlocutory appeal, the employer questions the trial court's order requiring it to provide a panel of physicians. The employee fell at work and reported the accident the same day. The employer offered medical treatment, but the employee declined. At the employer's request, the employee signed a waiver stating that, although he reported a work-related fall, he had declined medical treatment. The waiver specified that any future claim related to the employee's injuries would require a medical evaluation arranged through the employer's workers' compensation insurer and that he must first notify his supervisor before seeking medical treatment for his injuries. When the employee later requested medical treatment, the employer asserted the employee was not entitled to a medical evaluation because, after waiving treatment the day of the accident, he sought treatment a month later only when he was denied short term disability benefits. Following a hearing, the trial court ordered the employer to provide a panel of physicians to evaluate and treat any work-related injuries but denied the employee's request for temporary disability benefits because there was inadequate medical proof to support an award of disability benefits. The employer has appealed. Upon careful review of the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Garrett P. Franklyn and Lauren N. Gray, Knoxville, Tennessee, for the employer-appellant, MJ Resurrection, Inc.

William Allen, Memphis, Tennessee, employee-appellee, pro se

1

**Factual and Procedural History**

On August 16, 2024, William Allen ("Employee") was working for MJ Resurrection, Inc. ("Employer"), when he fell from a forklift in the course and scope of his employment, resulting in hip, shoulder, and back symptoms. Employee reported the incident to Employer and was offered medical treatment, but he declined such treatment at that time. Employee's supervisor completed an incident investigation that same day and noted that Employee was performing repairs on a forklift when he stepped off the lift and tripped, landing on his right side. The report indicated that Employee fell on his right side, causing "soreness" in his right hip and shoulder, and that he had cut his right pinky from trying to catch himself. Thereafter, Employer asked Employee to sign a "waiver" that included language indicating the work incident had "occurred during the normal scope and duties of employment," Employer had offered medical treatment, and Employee "decline[d] to be medically evaluated for the above noted condition." The document also contained the following language:

> I understand that by signing this document, any future claims regarding this injury will require a medical evaluation through my employer's workers['] compensation or I may be responsible for any medical bills or lost wages. I also understand that should I seek treatment for this injury, I must first notify my supervisor.

On October 22, 2024, Employee filed a petition for benefit determination seeking medical benefits and temporary disability benefits. In his petition, Employee claimed he was not provided a copy of his injury report "until 9/30/24" and that he was "[t]erminated as of 9/13/24 . . . for requesting [his] [i]ncident report." Employee also requested a panel of doctors for treatment of his work-related injuries. Following an unsuccessful mediation, a dispute certification notice was filed on November 21 that identified compensability, medical benefits, and temporary disability benefits as the disputed issues. As additional asserted defenses, Employer identified "[n]otice. Subsequent and intervening event, no injury or incident requiring treatment, pre-existing conditions, [and] prior workers' compensation claims."

On December 9, Employee filed a request for an expedited hearing, which took place on February 26, 2025. During the hearing, Employee testified that, although he signed the waiver of medical treatment, he did so because he feared being fired since he was still in his probationary period. Employee testified that he also asked for a contact person for workers' compensation purposes within the next few weeks, but Employer never provided this information until just before his termination on September 30. Although his separation notice indicated Employee was terminated because he reached the end of his probationary period, Employee testified that it was his belief he was fired because he requested medical treatment.

Employer asserted Employee was not entitled to a medical evaluation because he waived treatment on the date of the incident, worked for another month, and then only asked for treatment when he was denied short-term disability benefits. In addition, Employer contended that Employee failed to present a *prima facie* case indicating a likelihood of prevailing at trial because he failed to offer expert proof that his injuries were caused by the accident. Further, Employer alleged that Employee had made claims for the same body parts in previous workers' compensation claims and may have fallen at home following the incident. In response, Employee denied falling at home and testified that none of his previous injuries were work related. He requested an evaluation and medical treatment for his alleged injuries stemming from the work incident as well as temporary disability benefits. During the hearing, Employer sought to introduce an affidavit of its President and Chief Operating Officer, Mr. Gregory Lorenzo, for "impeachment/rebuttal" purposes, but the court excluded the document because Employer failed to produce the document ten days prior to the hearing as required by applicable regulations.

On February 28, the court ordered Employer to provide a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i), which requires the provision of a panel of three doctors if an injured employee has reported a work-related injury and "expressed a need for medical care." The court pointed to "unrebutted evidence" that Employee requested medical evaluations in August and September 2024 and noted that Employer had received proper notice of the accident. In addition, the court found that the waiver signed by Employee expressly contemplated that he would be able to pursue medical benefits in the future when it stated that any future claims for benefits related to this accident would have to be evaluated by a physician arranged through Employer's insurer. The waiver, however, placed no particular time constraints on seeking medical benefits in the future.

As a result, the court determined that Employer did not provide a sufficient defense for its failure to provide a panel. In response to Employer's argument that Employee is not entitled to any benefits because he requested them after being terminated, the court found such arguments "contrary to the evidence," relying on Employee's unrefuted testimony that he had requested medical treatment prior to his termination. Finally, the court stated that Employer cannot rely on its own interpretation of medical records in raising a defense related to medical causation, which requires expert medical opinions. As a result, the court ordered Employer to provide Employee with a panel of physicians to evaluate his hip, shoulder, and back complaints and to authorize treatment for any work-related conditions. Further, it denied Employee's request for temporary disability benefits because Employee offered no medical opinion addressing the cause of any period of disability. Employer has appealed.[1]

---

[1] The trial court also referred Employer to the Bureau's Compliance Program for its failure to timely provide a panel.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Batey v. Deliver This, Inc.*, 568 S.W.3d 91, 95-96 (Tenn. 2019). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

In its notice of appeal, Employer raised five issues. However, in its brief on appeal, Employer narrowed its focus to two issues: (1) whether it was an abuse of discretion for the court to find "Employee presented sufficient evidence of a *prima facie* claim for medical treatment such that he would prevail at a hearing on the merits notwithstanding evidence of prior overlapping workers' compensation claims and treatment, in addition to a potential subsequent and intervening injury" and (2) whether the trial court abused its discretion by excluding "evidence when it had significant and rebuttable purposes or by allowing evidence in notwithstanding [] Employer's objections." We have chosen to address the second issue first.

*Evidentiary Issues*

A trial court's evidentiary rulings are reviewed for an abuse of discretion. *See Russell v. Crutchfield*, 988 S.W.2d 168, 171 (Tenn. Ct. App. 1998). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

Employer contends that the trial court's "refusal to admit Employer's proffered affidavit as impeachment/rebuttal evidence" constituted an abuse of discretion. Specifically, Employer relied on Tenn. Comp. R. and Regs. 0800-02-21-.15(1)(b), which states:

Evidence or witnesses not disclosed in accordance with this rule, except for witnesses or evidence intended for impeachment purposes, will not be considered unless good cause is shown for why the evidence/witness was not timely disclosed.

Employer contends that because it offered the affidavit for impeachment and/or rebuttal of certain testimony offered by Employee, it did not have to be filed ten business days prior to the hearing. We agree that the trial court abused its discretion in refusing to admit the affidavit for the limited purpose of impeaching Employee's testimony regarding certain alleged communications with Employer after the work accident. At the hearing, counsel for Employer asked Employee if he had fallen at home and if he had informed Mr. Lorenzo that he had fallen at home, and Employee denied that either had occurred. This testimony was directly refuted by the testimony contained in Mr. Lorenzo's affidavit. As noted above, the Bureau's rules do not require impeachment evidence to be disclosed or provided prior to its use at a hearing, and Employer's pre-hearing statement preserved the right to call witnesses and introduce evidence for impeachment purposes. In short, we conclude the trial court applied an incorrect legal standard when it excluded the affidavit from evidence.

However, under the circumstances presented in this case, we also conclude the court's ultimate decision to order Employer to provide a panel of physicians did not depend on the information contained in the affidavit. There is no dispute that an accident occurred at work, that Employee timely reported it and signed a waiver of medical care at that time, and that Employee later requested treatment. Thus, under these circumstances, we conclude the contents of the affidavit would not have altered Employer's statutory obligation to provide Employee with a panel of physicians for evaluation and, if appropriate, treatment of any work-related injuries. Thus, the trial court's error in excluding the affidavit was harmless under the circumstances.

Employer also asserts the trial court erred by accepting Employee's testimony that he requested medical treatment on multiple occasions when that information had not been disclosed in Employee's discovery responses. We are not persuaded. The testimony Employee presented during the expedited hearing that he requested medical treatment from his supervisor prior to his September 30, 2024 email was unrefuted. Thus, we conclude the preponderance of the evidence supports the trial court's determination that Employee requested medical treatment for his work-related accident after initially signing the medical waiver. We further conclude the contents of the affidavit, even if admitted into evidence, do not impact our finding regarding the preponderance of the evidence on this issue.

*Panel of Physicians*

Turning to Employer's argument that the trial court "abused its discretion" when it ordered Employer to provide a panel of physicians, we first note that we do not review a

trial court's award of medical benefits under an abuse-of-discretion standard.  Rather, we review the case to determine where the preponderance of the evidence lies, giving a presumption of correctness to the trial court's factual findings.  *See* Tenn. Code Ann. § 50-6-239(c)(7).  Thus, the question is not whether the trial court abused its discretion but whether the preponderance of the evidence supports the trial court's finding that Employee is likely to prevail on the merits of his claim for medical benefits.  We conclude it does.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides, in relevant part:

[I]n any case when the employee has suffered an injury and expressed a need for medical care, the employer *shall* designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician.

(Emphasis added.)  *See also* Tenn. Comp. R. & Regs. 0800-02-01-.06(1).  Here, there is no dispute that a work incident occurred or that Employer was provided timely notice of the accident and alleged injuries.  Although Employee signed a waiver declining medical treatment *at that time*, he provided unrefuted testimony that he later requested medical evaluations within several weeks and again in September 2024.  Further, the waiver itself provided that Employee could seek medical benefits even after the waiver had been signed.

We recently addressed an employer's statutory obligation to provide medical benefits and the legal difference between a work-related accident and a work-related injury:

[A]n employer's statutory obligation to provide a panel of physicians is triggered by the occurrence of a work-related *accident* and a request for medical treatment, irrespective of whether any *injury* has been identified. After receiving a report of a work-related accident and a request for medical care, an employer is statutorily obligated to provide a panel of physicians unless the employer asserts some affirmative defense that would disqualify the employee from receiving benefits.  Employers are entitled to investigate claims and make preliminary determinations as to the compensability of the accident based on that investigation.  Tenn. Comp. R. & Regs. 0800-02-14-.04(6).  Employers are not, however, in a position to make medical determinations regarding whether an accident has caused an injury. *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn Workers' Comp. App. Bd. Jan. 30, 2018) ("[P]arties and their lawyers cannot rely on their own medical interpretations of the evidence to successfully support their arguments."); *see also McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015) (The employee "has come forward with sufficient evidence entitling her to a panel of

6

physicians . . . whether the alleged work accident resulted in a compensable injury has yet to be determined.").

*Thompson v. Weigel Stores, Inc.*, No. 2023-03-6769, 2025 TN Wrk. Comp. App. Bd. LEXIS 1, at *6-7 (Tenn. Workers' Comp. App. Bd. Jan. 17, 2025). Further, we conclude that an employer cannot insulate itself from its statutory obligations with a waiver, contract, or any other written agreement. *See* Tenn. Code Ann. § 50-6-114(a). Although a waiver may be helpful in documenting an employee's decision not to accept an employer's offer of medical treatment after reporting a work-related accident, it cannot change the employer's statutory obligation to provide a panel of physicians in circumstances as described above.

Here, Employee timely reported a work accident, and Employer prepared a report on the same day detailing the employee's medical complaints arising from that accident, including "soreness in [his] right hip and shoulder."[2] Although Employee signed a waiver indicating he did not want medical care at the time, within approximately one month, he had requested medical care from his supervisor. There is no dispute in this record that Employee experienced an accident at work that he claimed resulted in injuries, that he properly notified Employer of the accident, and that he subsequently requested medical care.[3] In short, the preponderance of the evidence supports the trial court's order requiring Employer to provide a panel of physicians.

## Conclusion

For the foregoing reasons, the trial court's order is affirmed and the case is remanded. Costs on appeal have been taxed to Employer.

---

[2] In its brief on appeal, Employer also contends that Employee's inconsistent testimony "paired with the trial court's failure to weigh the witness's credibility . . . qualifies as a clearly erroneous assessment of the facts resulting in an abuse of discretion, especially when viewed within the context of the trial court's refusal to consider the . . . [a]ffidavit as impeachment/rebuttal evidence." We disagree. As noted above, Employer's obligation to provide a panel was triggered by Employee's work-related accident and subsequent request for medical treatment.

[3] We further note that this case is distinguishable from *Berdnik v. Fairfield Glade Community Club*, No. 2016-04-0328, 2017 TN Wrk. Comp. App. Bd. LEXIS 32 (Tenn. Workers' Comp. App. Bd. May 18, 2017), in which we reversed an interlocutory order for a panel of physicians. Unlike the present case, the employer in *Berdnik* presented an unrefuted expert medical opinion at the expedited hearing supporting its argument that the employee's alleged medical condition did not arise primarily out of the work-related incident. *Id.* at *14. Yet, even in *Berdnik*, we stated that "our resolution of this issue should not be viewed by employers or their insurers as license to skirt their obligations under section 50-6-204 or Tenn. Comp. R & Regs. 0800-02-01-.25, for to do so exposes them to distinct, and significant, risks." *Id.* at *16-17.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| William Allen ) | Docket No. 2024-80-6984 |
| ) | |
| v. ) | State File No. 72735-2024 |
| ) | |
| MJ Resurrection, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of May, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Garett P. Franklyn Lauren N. Gray | | | | X | gpfranklyn@mijs.com lngray@mijs.com clbailey@mijs.com |
| William Allen | | | | X | w38134@yahoo.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov